UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**FAIRLY W. EARLS,**
        **Plaintiff,**

    v.                                     Case No. 05-C-0092

**ATTORNEY ANTHONY L. O'MALLEY,**
**ZACHERL, O'MALLEY & ENDEJAN, S.C.,**
**and XYZ INSURANCE COMPANY,**
        **Defendants.**

---

## ORDER

This legal malpractice action arose out of defendants' representation of plaintiff in a Wisconsin criminal case involving the fondling of a six-year old girl during a camping trip in 1997. A jury found plaintiff guilty of three counts of first degree sexual assault of a child and the judge sentenced him to forty-five years imprisonment with twenty years probation. Plaintiff was granted a writ of habeas corpus based on his counsel's ineffectiveness. See Earls v. McCaughtry, 379 F.3d 489 (7th Cir. 2004). The state elected to retry plaintiff. Plaintiff was out on bail pending retrial. Apparently, authorities discovered that he had contact with a seventeen year old female in violation of his bail conditions, and in 2005, plaintiff absconded. He has been a fugitive for over four years. Before me now is defendants' motion to dismiss plaintiff's case for failure to prosecute and alternatively for fugitivity.

Under Fed. R. Civ. P. 41(b), a defendant may move for involuntary dismissal of a plaintiff's action if the plaintiff fails to prosecute it. Before dismissing a case on this ground, a court should consider:

> the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by plaintiff's dilatory conduct, the probable merits of the suit, and consequences of dismissal for the social objectives of type of litigation that the suit represents.

Aura Lamp & Lighting Inc. v. Int'l Trading Corp., 325 F.3d 903, 908 (7th Cir. 2003).

I conclude that the present case should be dismissed with prejudice. Plaintiff has abandoned his suit by jumping bail and being a fugitive for over four years. His escape was deliberate, and he has subjected defendants to prejudice in wasted time, costs, uncertainty and anxiety. See Ball v. City of Chicago, 2 F.3d 752, 759 (7th Cir. 1993). The factors identified in Aura Lamp all weigh in defendants' favor.

The case should also be dismissed under the fugitive disentitlement doctrine. Under such doctrine, courts may dismiss civil actions related to criminal proceedings where the individual is a fugitive from justice. Gutierrez-Almazan v. Gonzales, 453 F.3d 956 (7th Cir. 2006); see also Sarlund v. Anderson, 205 F.3d 973, 974 (7th Cir.2000). After four years of plaintiff's being a fugitive, it is clear that no useful purpose is served by continuing this action.

For the reasons stated above,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED,** and this case is **DISMISSED WITH PREJUDICE.**

Dated at Milwaukee, Wisconsin this 13 day of November, 2009.

/s_____
LYNN ADELMAN
District Judge